UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROY ALLEN COOK,

    Plaintiff,

        v. | CAUSE NO. 3:23-CV-104-DRL-JPK

WESTVILLE CORRECTIONAL
FACILITY *et al.*,

    Defendants.

OPINION AND ORDER

Roy Allen Cook, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. Upon review of his response (ECF 13), the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint (ECF 5) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Cook is proceeding

without counsel, so the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Cook is an inmate at Westville Correctional Facility. He claims that on December 31, 2022, another inmate broke his jaw during an altercation. He claims he "notified staff" and someone took him the medical unit. An unidentified person in the medical unit told Mr. Cook that they were short-staffed and that he would have to wait for an x-ray. He claims he waited four days to obtain an x-ray, which showed his jaw was broken in two places. During these four days he suffered pain and could not eat or drink. Based on these events, he seeks money damages from the prison, Warden John Galipeau, and Nicole Bridegroom, who is not mentioned in the narrative section of the complaint.

Inmates are entitled to constitutionally adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). But they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

On the second prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir.

2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

The court will presume that Mr. Cook's broken jaw constituted a serious medical need. However, he has not alleged a plausible claim of deliberate indifference against any of the three named defendants. The prison is not a viable defendant because it is a building, not a "person" or policymaking body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As for the Warden, liability under 42 U.S.C. § 1983 is based on personal responsibility, and he cannot be held liable for damages simply because he oversees operations at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication from the amended complaint that the Warden had any personal involvement in these events or caused the delay in medical care. He cannot proceed against the Warden. Finally, he names Ms. Bridegroom, who appears to work at the prison, although Mr. Cook does not provide her title. He also does not provide any factual content to explain how, if at all, she was involved in these events. Based on what has been alleged, the court cannot plausibly infer that Ms. Bridegroom violated his constitutional rights.[1]

---

[1] He also mentions an Officer Schulz (first name unknown) in the narrative section of the complaint, stating that the officer "got the sgt. to take me to medical but refused to help me

Therefore, his amended complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file a second amended complaint if, after reviewing the court's order, he believes he can state a plausible federal claim based on these events, consistent with the allegations he has already made under penalty of perjury.[2] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **July 28, 2023**, to file a second amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

June 30, 2023                                        *s/ Damon R. Leichty*
                                                     Judge, United States District Court

---

[be]cause I wouldn't give them a name." This officer is not named as a defendant, but to the extent he intended to include her, he has not plausibly alleged that she violated his constitutional rights. His allegations make clear that Officer Schulz directed another staff member to take him to the medical unit after he was injured.

[2] Although he already amended once, that was to correct some technical problems with his original complaint, including that he did not use the right form. In fairness, he will be given an additional opportunity to amend now that the court has analyzed his claims.