UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROY ALLEN COOK,

    Plaintiff,

    v.

NICOLE BRIDEGROOM *et al.*,

    Defendants.

CAUSE NO. 3:23-CV-104-DRL-AZ

OPINION AND ORDER

Roy Allen Cook, a prisoner without a lawyer, is proceeding in this case "against Nicole Bridegroom, Paula Rogers, Kelly Barlow, and Andrew Liaw in their personal capacity for monetary damages for failing to provide adequate medical care for his broken jaw in violation of the Eighth Amendment[.]" ECF 19 at 6. The defendants filed a motion for summary judgment, arguing Mr. Cook didn't exhaust his administrative remedies before filing suit. ECF 29. Mr. Cook filed a response and the defendants filed a reply. ECF 35, ECF 36. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

2

The defendants argue Mr. Cook didn't exhaust his administrative remedies before filing this lawsuit because he didn't submit any grievances complaining of inadequate medical care for his broken jaw. ECF 30 at 5-7. Mr. Cook responds his administrative remedies were unavailable because he submitted four grievances complaining of inadequate medical care but never received any receipt or response from the grievance office. ECF 35.

Specifically, Mr. Cook provides evidence showing that, between January 11, 2023, and February 3, 2023, Mr. Cook submitted four grievances at Westville Correctional Facility (WCF) complaining of inadequate medical care. ECF 35 at 1. Mr. Cook never received any receipt or response from WCF's grievance office for any of these four grievances. *Id.* On March 21, 2023, Mr. Cook submitted a new grievance complaining the Grievance Specialist hadn't responded to his four grievances. *Id.*; ECF 35-1 at 9. The grievance office registered this grievance as Grievance 153060, and denied it on the merits because there was "no evidence" the grievance office received his prior grievances. ECF 35 at 1; ECF 35-1 at 10. Mr. Cook was transferred from WCF to Putnamville Correctional Facility (PCF), and requested that an appeal form be forwarded to him at PCF. ECF 35 at 1-2; ECF 35-1 at 11, 13, 22-23. Mr. Cook eventually obtained and submitted an appeal form, but never received any response to his appeal. ECF 35 at 2; ECF 35-1 at 24. He submitted a "Request for Interview" form regarding the lack of response to his appeal, but still received no response. ECF 35 at 2; ECF 35-1 at 24. Because the defendants do not dispute any of this evidence, the court accepts it as undisputed.

Here, Mr. Cook has provided undisputed evidence he exhausted all remedies that were available to him at WCF. Specifically, it is undisputed Mr. Cook submitted four grievances complaining of inadequate medical care to WCF's grievance office, but never received any receipt or response to any of these grievances. The Offender Grievance Process provides that, if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 29-1 at 9. Mr. Cook complied with this requirement by submitting Grievance 153060 to notify the Grievance Specialist of the lack of response to his previous grievances, but he still received no response to those grievances. Mr. Cook also attempted to fully exhaust Grievance 153060, but never received any response to his appeal form despite notifying the Grievance Specialist of the lack of response. This left Mr. Cook without any further available remedies to exhaust.

In their reply, the defendants argue that, even assuming Mr. Cook submitted four relevant grievances and received no response from the grievance office, he still had available remedies he didn't exhaust because the grievance process required him to appeal those unanswered grievances as if they had been denied. ECF 36 at 2. However, the Offender Grievance Process only provides that, "If the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 29-1

at 12 (emphasis added). Here, because the Grievance Specialist never issued any receipt for any of Mr. Cook's four grievances, there is no evidence the grievance process allowed Mr. Cook to appeal these grievances as if they had been denied.

Accordingly, because the undisputed facts show Mr. Cook exhausted all remedies available to him, the defendants have not met their burden to show Mr. Cook had available administrative remedies he didn't exhaust. For these reasons, the defendants' motion for summary judgment (ECF 28) is DENIED.

SO ORDERED.

June 26, 2024                  *s/ Damon R. Leichty*
                                           Judge, United States District Court